No costs of this motion are allowed to either party.

---

## SHANCHAN a. THE NEW YORK AND NEW HAVEN RAILROAD COMPANY.

### *Westchester County Court, May, 1860.*

A foreign railroad corporation running its trains over the road of a railroad corporation of this State, is not liable for an injury to cattle caused by its train, but to which the negligence of the owner contributed, though the road has not been fenced as required by the act of 1850.[*]

[*] The contrary was held in LABUSSIERE a. N. Y. & NEW HAVEN RAILROAD COMPANY (*New York Common Pleas; General Term, April,* 1860, DALY, HILTON, and BRADY,

Shanchan a. The New York and New Haven Railroad Company.

*W. H. Pemberton*, for appellant.

*H. Spratley*, for respondent.

BY THE COURT.—ROBERTSON, J.—This was an action for an injury occasioned to plaintiff's cow in July, 1858, by the defendants' engine, while passing over the track of the New York and Harlem Railroad Company. The track was unfenced at the place where the injury occurred. The cow had been accustomed to run at large, and was wrongfully upon the track. The jury rendered a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed.

The defendant was a foreign corporation, and was not bound to fence the track in question. The act of 1850 imposed that duty upon another. That act does not apply to the defendant. The plaintiff could only recover at common law, and as his negligence contributed to the injury, he was not entitled to recover.

Judgment reversed, with costs.

---

JJ.)—That action was for damages in killing plaintiff's cow on the Harlem Railroad, the place where the accident occurred not being fenced, and the facts being similar to the above case. The cause was brought in the Seventh District court in this city, and the jury rendered a verdict for the plaintiff, from which the defendant appealed.

*Elbridge T. Gerry*, for the appellant.

*Freeborn G. Luckey*, for the respondent.

*The court held*, that the appellant could not set up the negligence of the plaintiff in permitting his cow to run at large, as matter of defence. The company is liable under the statute (2 *Rev. Stat.*, 5th ed., 690, § 56), for accidents occurring by reason of defects in the fences and cattle-guards on the Harlem, as well as on their own immediate line of road. The Harlem road is in fact their line of road. Judgment of the court below affirmed, with costs.